TOMAS E. MARGAIN, Bar No. 193555
JACOB SIDER, Bar No. 236084
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone: 415-861-9600
Fax: 415-861-9622
margainlaw@hotmail.com

Attorneys for Plaintiff JOHN DAMON

ORIGINAL FILED
08 JUL 21 PM 2:22
RICHARD W. WIEKING
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAMON,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD R. FENTON DBA FENTON CONSTRUCTION SERVICES,<br><br>Defendant | Case No.: C08 03488 PJH<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL**<br>Federal FLSA Claim:<br>   1. Failure to pay overtime and minimum wage: 29 U.S.C. §§ 207, 216(b), and 255(a);<br>California State Claims:<br>   2. Failure to pay overtime and minimum wages (California Labor Code §§ 1194(a); 1815);<br>   3. Breach of Contract<br>   4. Failure to Provide Meal Periods (California Labor Code § 226.7);<br>   5. Failure to Provide Accurate Pay Stubs and Records; Submitting False and Fraudulent Certified Payroll Records (California Labor Code §§ 226, 1174, 1776, IWC Wage Order No. 16 § 6);<br>   6. Failure to Pay Wages Due at End of Employment (California Labor Code §§ 201, 203); and<br>   7. Violation of California Business and Professions Code §§ 17200; |

1

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

## NATURE OF CLAIM

1. This is an action by Plaintiff who worked as a "Building and Construction Inspector" against his employer for unpaid overtime wages, unpaid wages including unpaid prevailing wages on Public Works Construction projects, interest, penalties, damages and attorneys' fees and costs arising out of the failure to pay all wages for labor discharged including but not limited to overtime and minimum wages as required by the Fair Labor Standards Act and California law. The plaintiff seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, a liquidated damages assessment under California Labor Code § 1194.2, penalties under California Labor Code § 226 (wage stub violations), attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b).

2. Plaintiff's claims can be summarized as follows:

(a) <u>Failure to pay overtime wages</u>: When Plaintiff worked more than 8-hours in a day (Cal. Labor Code sections 510 & 1194) or 40-hours in a week (FLSA), Defendant did not pay him all of his overtime wages. The base wage Defendant used to calculate Plaintiff's regular pay rate was below the amount required by California's Prevailing Wage laws. As a result, Plaintiff's overtime wages were also paid at a rate lower than the amount required by California's Prevailing Wage laws.

(b) <u>Failure to pay prevailing wages</u>: Plaintiff performed labor as a Building and Construction Inspector on a various Public Works construction projects subject to the payment of prevailing wages; which required the payment of Prevailing Wages by operation of contract and California State Law. Defendant failed to pay the Prevailing Wages for labor Plaintiff discharged, as determined and disseminated by the State of California's Department of Industrial Relations. This leads to liability under California law and a higher regular wage rate for purposes of calculating overtime wages due and owed under California law and the FLSA

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

(c) <u>Failure to compensate for meal periods not taken</u>: At various times during his employment, based on the nature and amount of work needed to be performed, Plaintiff was required to work past a scheduled meal period. Defendant is now required to pay one additional hour in wages for each missed meal period. Defendant has paid some, but not all, of these premium wage obligations.

**SUBJECT MATTER JURISDICTION AND VENUE**

3. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

**PARTIES**

5. Plaintiff JOHN DAMON was, and at all relevant times herein is, an individual over the age of eighteen employed by Defendant during the statute of limitations in this action.

6. Plaintiff is informed and believes and therefore alleges, that at all times mentioned herein Defendant RICHARD R. FENTON DBA FENTON CONSTRUCTION SERVICES is engaged in the business of construction, maintenance and repair in Northern California, with particularity in Humboldt County.

7. Plaintiff is informed and believes and therefore alleges that RICHARD R. FENTON DBA FENTON CONSTRUCTION SERVICES, was hired to perform construction of various Public Works or Prevailing Wage Construction Projects ("PROJECTS") funded in whole or in part by the public funds.

///

///

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

## GENERAL ALLEGATIONS

8. DEFENDANT employed Plaintiff at all relevant times within the statute of limitations for this action on private construction projects and on PROJECTS subject to prevailing wage obligations. Plaintiff primarily worked as a Building and Construction Inspector; which is a Craft Classification recognized by California Prevailing Wage laws.

9. At various times, DEFENDANT compensated Plaintiff for his labor on the PROJECTS at a rate of pay below the prevailing wage rate of pay for the classification of his labor.

10. DEFENDANT did not compensate Plaintiff for his labor by making any fringe benefit contributions which could offset the prevailing wage rate of pay for the classification of his labor. This leads to a higher regular rate, by operation of law, which in turn increases the overtime wages due and owing.

11. While DEFENDANT did make some pension, vacation, or other contributions that could offset some Prevailing Wage obligations, it failed to annualize said contributions between Public Work and Private construction projects such that it failed to properly pay fringe benefit contributions. This leads to a higher regular rate, by operation of law, which in turn increases the overtime wages due and owing.

12. DEFENDANT did not compensate Plaintiff for his labor during his entire employment by paying overtime wages when due and owed. Said failure to pay was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code section 203.

13. DEFENDANT did not authorize or permit Plaintiff to take unpaid 30-minute meal periods within the first five hours of his employment. When Plaintiff worked more than 10 hours, Defendant did not authorize or permit Plaintiff to take a second unpaid 30-minute meal period.

///

## COUNT ONE
## FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
29 U.S.C. §§ 207, 216(b), and 255(a)
*Failure to Pay Overtime Wages and Minimum Wages*

14. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-13 as if fully stated herein.

15. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

16. DEFENDANT is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

17. DEFENDANT routinely required and/or suffered or permitted Plaintiff to work more than 40 hours per week, sometimes without paying him all wages for such overtime work, and routinely without paying him the proper overtime premium for hours worked in excess of 40 hours per week.

18. DEFENDANT routinely failed to pay Plaintiff the legally required California Prevailing Wage for his labor on the PROJECTS.

19. In failing to pay Plaintiff overtime wages at one-and-one-half times his regular rate of pay and in failing to pay the minimum wage, DEFENDANT willfully violated the FLSA.

20. As a direct and proximate result of Defendant's failure to pay him proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages and lost minimum wages in an amount to be proved at trial.

21. Defendant intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages, and defendant is thus liable to plaintiff for liquidated damages in an amount equal to his lost wages over a three year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

///

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

22. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

## COUNT TWO
## PENDENT STATE CLAIM
*Violation of California Labor Code §§ 510, 1771-1810, 1194, 1194.2 & 1197*
*Failure to Properly Pay Minimum Wages and Overtime on Public Works and Private Construction Projects*

23. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-22 as if fully stated herein.

24. At all times mentioned herein, Plaintiff was employed in execution of PROJECTS subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771 & 1774, regarding work undertaken on public construction projects. Pursuant to Labor Code §§ 1771 &1774, all employees, including Plaintiff, hired in execution of PROJECTS, shall be paid for their work on the PROJECTS not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work. Said Prevailing Wage rates are disseminated by the State of California's Department of Industrial Relations. All contractors executing public works construction project are mandated to pay these minimum wages by California laws and Regulations.

25. At all times mentioned herein, DEFENDANT was subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771, 1774 and 1815, regarding work undertaken on public works construction projects. Pursuant to Labor Code §§1771, 1774 and 1815, DEFENDANT had a duty to pay their employees on such projects, including Plaintiff, who was employed in the execution of the contract of the PROJECTS, not less than one and one-half times their basic prevailing rate of pay for holiday and overtime work, as specified in

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

annual and semi-annual bulletins published by the California Department of Industrial Relations.

26. At all times mentioned herein, DEFENDANT was subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken on private construction projects. Pursuant to Labor Code §510, DEFENDANT had a duty to pay its employees, including Plaintiff, who worked on such private constructions projects not less than the one and one-half times their contractually agreed upon regular rate of pay for non-public works construction projects for all hours worked in excess of 8 hours a day and 40 hours a week.

27. Plaintiff is informed and believes and based thereon contends that for work performed on the PROJECTS, he was paid less than the required minimum prevailing rate for non-holiday and non-overtime hours and less than the required minimum prevailing rate for holiday and overtime work as required by Labor Code §§1771, 1774 and 1815; and for non-public works construction projects he was paid less than one and one-half times his regular rate of pay, or not at all, for the hours worked in excess of 8 hours a day and 40 hours a week as required by California Labor Code § 510.

28. Plaintiff therefore contends that for this work performed on the PROJECTS, DEFENDANT violated Labor Code §§ 1771, 1774 and 1815, specifically by failing and refusing to comply with the statutory duty to pay Plaintiff or to ensure that Plaintiff be paid, prevailing wages and prevailing wage for holiday and overtime work as required by the contracts and by statute. Plaintiff also contends that for non-public works construction projects, the said DEFENDANT violated Labor Code §510, specifically by failing and refusing to comply with the statutory duty to pay Plaintiff one and one-half times his regular rate of pay for hours worked in excess of 8 hours a day or 40 hours a week as required by statute.

///

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

29. Pursuant to Labor Code § 1194, for his work on the PROJECTS, Plaintiff seeks as earned but unpaid minimum prevailing wages and required minimum prevailing wage for holiday and overtime work; and for his work on non-pubic works construction projects, Plaintiff seeks as earned but unpaid overtime compensation for hours worked in excess of 8 hours a day or 40 hours a week.  Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.  Plaintiffs also seek an assessment under Labor Code § 1194.2.

30. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

## COUNT THREE
## PENDENT STATE CLAIM
*Failure to Provide Meal Periods*
*California Labor Code § 226.7*

31. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-30 as if fully stated herein.

32. At all relevant times herein, Plaintiff's employment with DEFENDANT was subject to the provisions of California Labor Code § 226.7, which requires employers to provide employees an unpaid meal period within the first 5-hours of labor and a second unpaid 30-minute meal period for workdays longer than 10-hours.

33. During his employment with Defendant, Plaintiff worked at least 5-hours a day, and was not always provided an unpaid meal period as required by law.  There were also instances where the nature of the work and staffing levels required Plaintiff to take a late meal period; after 5-hours worked.

34. For each time Plaintiff was not provided the required meal period, he is entitled to

recover one additional hour of pay at Plaintiff's regular rate of compensation pursuant to California Labor Code section 226.7.

35. Plaintiff is therefore entitled to payment, in an amount to be proved at trial, with DEFENDANT liable for an extra hour of pay for each meal period missed by Plaintiff. Said premium pay is a minimum wage obligation, pursuant to California Labor Code section 1194, for rest periods not afforded on Public Works Construction Projects.

36. Plaintiff is also entitled to payment of his reasonable attorney's fees and costs of suit incurred in recovering the additional pay for missed meal periods by Plaintiff while working on PROJECTS pursuant to California Labor Code § 1194, and interest pursuant to California Labor Code § 218.6.

## COUNT FOUR
## PENDENT STATE CLAIM
*California Labor Code Section 203*
*Waiting Time Penalties*

37. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-36 as if fully stated herein.

38. At the time Plaintiff's employment with Defendant was terminated, DEFENDANT owed Plaintiff certain unpaid overtime wages as previously alleged, and such wages owed Plaintiff were ascertainable at the time of termination.

39. Failure to pay wages owed at an employee's termination as required by Labor Code §§ 201 and 202 subjects the employer to the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

40. As of this date, DEFENDANT has failed and refused, and continues to fail and refuse, to pay the amount due, thus making defendant liable to Plaintiff for penalties equal to thirty (30) days wages.

///

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

# COUNT FIVE
# PENDENT STATE CLAIM
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

41. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-40 as if fully stated herein.

42. At all times relevant herein, Plaintiff's employment with DEFENDANT was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain minimum prevailing wages, overtime for work performed in excess of 40 hours per week or 8 hours per day unless specifically exempted by law, and also required plaintiff to be paid premium pay for missed rest periods.

43. At all times relevant herein, the employer of Plaintiff, DEFENDANT, was subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay Plaintiff certain minimum prevailing wages, overtime pay as required by applicable state and federal laws and failed to pay premium pay for missed meal/rest periods, all of which Plaintiff was legally entitled to, with DEFNDANT keeping to itself the amount which should have been paid to Plaintiff.

44. In doing so, DEFENDANT violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a competitive advantage over other employers and businesses with whom DEFENDANT was in competition and who were in compliance with the law.

45. As a direct and proximate result of DEFENDANT'S violations and failure to pay the required minimum prevailing wages and overtime pay, Plaintiff's rights under the law were

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

violated and Plaintiff incurred general damages in the form of unpaid wages in amount to be proved at trial.

46. DEFENDANT has been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff minimum prevailing wages and overtime pay due.

47. Plaintiff, having been illegally deprived of the minimum prevailing wages and overtime pay to which he was legally entitled, herein seeks restitution of such unpaid wages pursuant to Business and Professions Code §17203.

48. Plaintiff brings this count on his own behalf only, and as a claim for restitution, over a four year statute of limitations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages per for all wages earned but not paid, all overtime wages earned and not paid and the failure to pay Prevailing Wages and applicable fringe benefits which are an item of prevailing wages in the amount to be proved at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime and minimum wages;

3. For unpaid premium pay for rest periods not authorized or permitted;

4. For restitution of unpaid minimum prevailing wage, overtime pay and meal/rest period premium pay;

5. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid minimum wage under California Labor Code §§ 1194(a);

6. For "waiting-time" penalties under California Labor Code §203.

Case 3:08-cv-03488-PJH   Document 4   Filed 07/30/2008   Page 12 of 13

7. For "liquidated damages" under California Labor Code §1194.2 for the failure to pay minimum wages;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. For costs of suit herein;

10. For actual damages or a statutory penalty for non-compliant wage stubs; and

11. For such other and further relief as the Court may deem appropriate.

Dated: July 21, 2008

Respectfully submitted,

By: _____
TOMAS E. MARGAIN
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs herein demand trial by jury in this action.

Dated: July 21, 2008

Respectfully submitted,

By: _____
TOMAS E. MARGAIN
Attorneys for Plaintiffs

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there are no such interested entities or persons to report.

Dated: July 21, 2008

Respectfully submitted,

By: _____
TOMAS E. MARGAIN
Attorneys for Plaintiffs

COMPLAINT (FLSA; PENDANT STATE CLAIMS)